CAROLYN COLLINS, State Bar No. 083228
ccollins@nixonpeabody.com
LAUREN M. MICHALS, State Bar No. 184473
lmichals@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendant
THE PROCTER & GAMBLE DISTRIBUTING LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE MAE WEATHERSBY,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON DIVERSITY, INC., a corporation; S.C. JOHNSON COMMERCIAL MARKETS, INC., a corporation; JOHNSON WAX PROFESSIONAL, a corporation; S.C. JOHNSON & SON, INC., a corporation; UNISOURCE WORLDWIDE, INC., a corporation; CROTHALL SERVICES GROUP, a corporation; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.: CV08-1196 FMC (RCx)<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>[~~PROPOSED~~] AGREED PROTECTIVE ORDER<br><br>[Assigned to the Honorable Florence-Marie Cooper CR #750; Referred to the Honorable Magistrate Judge Rosalyn M. Chapman]<br><br>Original Complaint Filed: December 11, 2007 |

[Proposed] Agreed Protective Order — - 1 - — 12579481.2

  Upon motion of all parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

  It is hereby ORDERED that:

  1. Any party or non-party may designate as "Classified Information," by stamping the relevant pages with the appropriate designation or as otherwise may be agreed upon by all parties, any document, response to discovery, or deposition testimony which that party or non-party considers in good faith to contain information involving confidential, business, financial, proprietary, trade secret, or commercial data.

  2. All "Classified Information" produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms set out herein.

  3. As used herein, "Classified Information" is information (regardless of how generated, stored or maintained) or tangible things of any party or non-party that contains confidential, business, financial, proprietary, trade secret, or commercial data of any type, kind or character that is designated as "Confidential" or "Outside Counsels' Eyes Only" by any of the supplying or receiving parties or non-parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Outside Counsels' Eyes Only", a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

  4. "Qualified Persons," as used herein means:

    (a) Outside attorneys representing the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for

1  purposes of this litigation;

2  (b) Independent testifying or consulting experts retained by the parties for this litigation, who, prior to any disclosure of "Confidential" or "Outside Counsels' Eyes Only" information to such person, have signed a document agreeing to be bound by the terms of this protective order and who have signed the "Undertaking" attached hereto (the "Undertaking") (such signed document to be retained by the attorney retaining such person);

(c) Employees of the parties in this litigation whose responsibilities in connection with this litigation require them to access "Confidential" information.

(d) If the Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties, and after said person has signed the Undertaking;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary; ~~and~~

(f) Any other person as to whom the parties mutually agree in writing, and who has signed the Undertaking; and (g) the Court and court personnel.

5. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Each party or nonparty witness receiving any Confidential Information shall maintain a log identifying the persons who have signed the Undertaking and to whom such information is disclosed. Upon order of the Court, such log shall be produced under signature of the producing party's counsel.

(b) Information designated as "Outside Counsels' Eyes Only" shall be restricted in circulation to only the Qualified Persons described in Paragraphs 4(a), and 4(b) ~~above~~ and 4(g) above.

(c) Copies of "Outside Counsels' Eyes Only" information provided to a receiving party shall be maintained only in the offices of counsel for Plaintiff(s) and Defendant(s) or such persons as qualified pursuant to paragraph 4(b).

[Proposed] Agreed Protective Order — 3 —                                    12579481.2

      (d)    Each party's outside counsel shall maintain a record of all copies of "Outside Counsels' Eyes Only" documents that are delivered to any one or more Qualified Person of Paragraph 5(b) above. Upon order of the Court, such log shall be produced under signature of the producing party's counsel.

6.    (a)    Documents produced in this action may be designated by any party or parties as "Confidential" or "Outside Counsels' Eyes Only" information by marking each page of the document(s) so designated with a stamp with the designation "Confidential" or "Outside Counsels' Eyes Only." No change in this Order which adversely affects the protection of any document produced or given by a nonparty in this case shall be made without giving appropriate notice and opportunity to be heard by the Court to that nonparty.

      (b)    In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

7.    (a)    Information disclosed at or during a deposition may be designated by any party as "Confidential" or "Outside Counsels' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Outside Counsels' Eyes Only" and is subject to the provisions of this Order.

      (b)    Any party may also designate information disclosed at or during such depositions as "Confidential" or "Outside Counsels' Eyes Only" by notifying all of the parties in writing, within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" or "Outside Counsels' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy in that party's possession, custody or control. All deposition transcripts shall be treated as "Outside Counsels' Eyes Only" for a period of twenty (20) days after the receipt of the transcript.

(c) If documents designated as "Confidential" or "Outside Counsels' Eyes Only" are to be the subject of an oral deposition of a witness not previously entitled to access thereto under Paragraph 4, the following procedures apply. Except as provided below, "Confidential" or "Outside Counsels' Eyes Only" information shall not be provided to any such person without the producing party's prior written consent or oral consent during a deposition on the record, or without permission by the Court upon motion and notice. After receiving such consent or permission, the party seeking to use the "Confidential" or "Outside Counsels' Eyes Only" during such a deposition shall obtain from the nonparty witness a signed Undertaking. This paragraph shall not prohibit the use of Classified Information of a party in the oral examination of an employee of that party, or in the case of a former employee of a party, if from the face of the document containing Classified Information it states that the deponent was the author or a recipient of the document.

8. (a) Documents previously produced without a confidentiality designation may be retroactively designated by notice in writing within fifteen (15) days of the entry of this order. Documents unintentionally produced as "Confidential" may be retroactively designated as "Outside Counsels' Eyes Only" in the same manner and shall be treated appropriately from the date written notice of the updated designation is provided to the receiving party.

(b) Documents to be inspected shall be treated as "Outside Counsels' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Outside Counsels' Eyes Only" by the producing party.

(c) Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Outside Counsels' Eyes Only" consents to such disclosure or if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any

counsel of record from utilizing "Confidential" or "Outside Counsels' Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Outside Counsels' Eyes Only" information, irrespective of which party produced such information. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Outside Counsels' Eyes Only" information in the examination or cross-examination of any person who is an officer, director or employee of the party so designating the information as "Confidential" or "Outside Counsels' Eyes Only" or of the party that produced the information or of a related entity.

9. (a) If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential" or "Outside Counsels' Eyes Only" the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" or "Outside Counsels' Eyes Only" under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing including stating the nature of the inadvertent production and how it occurred and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently

produced item or items of information and all copies thereof within ten (10) calendar days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

10. (a) A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Outside Counsels' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Outside Counsels' Eyes Only," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as "Confidential" or "Outside Counsels' Eyes Only," the Court shall resolve all such disputes, pursuant to Local Rule 37. It shall be the burden of the party making any designation to establish that the information so designated is "Confidential" or "Outside Counsels' Eyes Only" within the meaning of this Protective Order.

(b) The parties may, by written stipulation filed with Court, amend this Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

11. In the event a party wishes to use any "Confidential" or "Outside Counsels' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Outside Counsels' Eyes Only" information used therein shall be filed pursuant to Local

1  Rule 79-5 and Magistrate Judge Chapman's and Judge Cooper's standing orders.

2      12.    The Clerk of this Court is directed to maintain under seal all
3  documents and transcripts of deposition testimony and answers to interrogatories,
4  admissions and other pleadings filed under seal with the Court in this litigation that
5  have been designated, in whole or in part, as "Confidential" or "Outside Counsels'
6  Eyes Only" information by a party to this action.

7      13.    Unless otherwise agreed to in writing by the parties or ordered by the
8  Court, all proceedings involving or relating to documents or any other information
9  shall be subject to the provisions of this Order.

10     14.    In the event any person or party that has possession, custody, or
11 control of any information designated as "Confidential" or "Outside Counsels' Eyes
12 Only" pursuant to the terms of this Protective Order receives a subpoena or other
13 process or order to produce such information, such person or party shall provide
14 promptly to the originating source of such information designated as "Confidential"
15 or "Outside Counsels' Eyes Only" a copy of said subpoena or other process or
16 order, and shall cooperate with respect to any procedure sought to be pursued by the
17 party whose interests may be affected. The party asserting the confidential
18 treatment shall have the burden of defending against such subpoena, process or
19 order. The person or party receiving the subpoena or process or order shall be
20 entitled to comply with it except: (a) to the extent the party asserting the
21 confidential treatment is successful in obtaining an order modifying or quashing it;
22 and (b) in complying with the process or order shall, at a minimum, seek to obtain
23 confidential treatment of the "Confidential" or "Outside Counsels' Eyes Only"
24 information before producing it in the other proceeding or action.

25     15.    This Protective Order shall apply to the parties and any non-party from
26 whom discovery may be sought and who desires protection for the discovery
27 sought. Thus, any non-party requested or required to produce or disclose
28 information in this proceeding, through subpoena or otherwise, may designate such

information pursuant to the terms of this Protective Order.

16. Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party that are in the possession of any of the persons qualified under Paragraph 4 shall be returned to the producing party or destroyed. One archival copy of deposition exhibits, transcripts, Court exhibits and documents included in submissions to the Court may be retained by outside counsel for the parties. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within seven (7) calendar days of such destruction. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "Outside Counsels' Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Outside Counsels' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18. On execution by counsel below, the parties agree between themselves to be immediately mutually bound by all of the obligations and restrictions applicable to them as set forth herein until such time as this particular Order is entered and superseded by the Court, or any reviewing Court, in its present form.

19. This Agreed Protective Order may be executed by or on behalf of the parties in counterparts and by facsimile, each of which shall be deemed and an original, and all of which, when taken together, shall constitute one and the same document,

DATED: June 12, 2009         NIXON PEABODY LLP

By: _____
Carolyn Collins, Esq.
Lauren M. Michals, Esq.
Attorneys for Defendant
THE PROCTER & GAMBLE
DISTRIBUTING LLC

DATED: June __, 2009         METZGER LAW GROUP

By: _____
Gregory A. Coolidge, Esq.
Attorneys for Defendant
ROSIE MAE WEATHERSBY

DATED: June __, 2009         FORD, WALKER, HAGGERTY & BEHAR

By: _____
William C. Haggerty, Esq.
Katherine M. Harwood, Esq.
Attorneys for Defendant
CROTHALL SERVICES GROUP

[Proposed] Agreed Protective Order         - 10 -         12579481.2

19. This Agreed Protective Order may be executed by or on behalf of the parties in counterparts and by facsimile, each of which shall be deemed and an original, and all of which, when taken together, shall constitute one and the same document,

DATED: June ___, 2009        NIXON PEABODY LLP


By: _____
    Carolyn Collins, Esq.
    Lauren M. Michals, Esq.
    Attorneys for Defendant
    THE PROCTER & GAMBLE
    DISTRIBUTING LLC


DATED: June 10, 2009         METZGER LAW GROUP


By: _____
    Gregory A. Coolidge, Esq.
    Attorneys for Defendant
    ROSIE MAE WEATHERSBY


DATED: June ___, 2009        FORD, WALKER, HAGGERTY & BEHAR


By: _____
    William C. Haggerty, Esq.
    Katherine M. Harwood, Esq.
    Attorneys for Defendant
    CROTHALL SERVICES GROUP

19. This Agreed Protective Order may be executed by or on behalf of the parties in counterparts and by facsimile, each of which shall be deemed and an original, and all of which, when taken together, shall constitute one and the same document,

DATED: June __, 2009        NIXON PEABODY LLP


By: _____
    Carolyn Collins, Esq.
    Lauren M. Michals, Esq.
    Attorneys for Defendant
    THE PROCTER & GAMBLE
    DISTRIBUTING LLC


DATED: June __, 2009        METZGER LAW GROUP


By: _____
    Gregory A. Coolidge, Esq.
    Attorneys for Defendant
    ROSIE MAE WEATHERSBY


DATED: June 8th, 2009        FORD, WALKER, HAGGERTY & BEHAR


By: _____
    William C. Haggerty, Esq.
    Katherine M. Harwood, Esq.
    Attorneys for Defendant
    CROTHALL SERVICES GROUP

```
DATED: June __, 2009          SONNETT AND ASSOCIATES


                              By: _____
                                  Jocelyn A. Julian, Esq.
                                  Attorneys for Defendant
                                  JOHNSONDIVERSEY, INC.

DATED: June __, 2009          DONNELLY, LIPINSKI & HARRIS


                              By: _____
                                  Patrick G. Donnelly, Esq.
                                  Attorneys for Defendant
                                  JOHNSONDIVERSEY, INC.

DATED: June __, 2009          BORTON PETRINI, LLP


                              By: _____
                                  Rosemarie S. Lewis, Esq.
                                  Attorneys for Defendant
                                  UNISOURCE WORLDWIDE, INC.
```

**ORDER**

**IT IS SO ORDERED**

Dated: June ___ 2009          By: _____
                                  HONORABLE MAGISTRATE JUDGE
                                  ROSALYN M. CHAPMAN

```
 1  DATED: June __, 2009              SONNETT AND ASSOCIATES
 2
 3
                                      By: _____
 4                                        Jocelyn A. Julian, Esq.
                                          Attorneys for Defendant
 5                                        JOHNSONDIVERSEY, INC.
 6
 7  DATED: June __, 2009              DONNELLY, LIPINSKI & HARRIS
 8
 9                                    By: _____
10                                        Patrick G. Donnelly, Esq.
                                          Attorneys for Defendant
11                                        JOHNSONDIVERSEY, INC.
12
13  DATED: June __, 2009              BORTON PETRINI, LLP
14
15                                    By: _____
                                          Rosemarie S. Lewis, Esq.
16                                        Attorneys for Defendant
                                          UNISOURCE WORLDWIDE, INC.
17
```

**ORDER**

IT IS SO ORDERED as amended at paragraphs 4, 5, 10 and 11.

Dated: June 23, 2009          By: _____
                                  HONORABLE MAGISTRATE JUDGE
                                  ROSALYN M. CHAPMAN

[Proposed] Agreed Protective Order     - 11 -     12579481.2

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE MAE WEATHERSBY, | Case No.: CV08-1196 FMC (RCx) |
| Plaintiff, | |
| vs. | **UNDERTAKING** |
| JOHNSON DIVERSITY, INC., a corporation; S.C. JOHNSON COMMERCIAL MARKETS, INC., a corporation; JOHNSON WAX PROFESSIONAL, a corporation; S.C. JOHNSON & SON, INC., a corporation; UNISOURCE WORLDWIDE, INC., a corporation; CROTHALL SERVICES GROUP, a corporation; and DOES 1 THROUGH 100, inclusive, | |
| Defendants. | |

My name is _____. I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Agreed Protective Order entered in this action on _____. I agree to be bound by, and to comply fully with, the terms of the Agreed Protective Order. I agree not to disclose or disseminate any Classified Information, as defined by the Agreed Protective Order, except as permitted therein.

I hereby submit myself to the jurisdiction of this Court in connection with the enforcement of the Agreed Protective Order.

_____

Subscribed and sworn to this ____ day of _____, 200__.

_____
Notary Public

12579481.2